DECISION
Defendant-appellant, Frankie L. Jackson, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950. Defendant assigns a single error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
Because the trial court's determination is supported by clear and convincing evidence, we affirm.
By indictment filed July 12, 1996, defendant was charged with one count of rape of a six-year-old child, with the allegation that defendant purposely compelled her to submit by force or threat of force. In addition, defendant was charged with a count of kidnapping with respect to the same victim.
Although defendant initially pleaded not guilty, on November 26, 1996, defendant entered a guilty plea to one count of rape in violation of R.C. 2907.02 without the element of force; the state entered a nolle prosequi to the kidnapping charge. By judgment entry filed November 26, 1996, the trial court sentenced defendant to six years of imprisonment.
Pursuant to R.C. 2950.09, the trial court scheduled a hearing to determine if defendant is a sexual predator. At the August 9, 2001 hearing, the state introduced (1) the indictment, (2) the entry of guilty plea, (3) the trial court's judgment entry convicting defendant of rape and imposing sentence, (4) defendant's prior criminal record, (5) the institution's summary report, including a sex offender assessment, and (6) the transcript of the plea and sentencing proceedings before the trial court. By decision and entry filed August 15, 2001, the trial court concluded defendant is a sexual predator, noting in particular the nature of defendant's most recent offense and the sexual offender assessment concluding defendant is a high risk for sexually reoffending. On appeal, defendant contends the trial court's determination is not supported by clear and convincing evidence.
Pursuant to former R.C. 2950.01(E), a "'[s]exual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Defendant does not dispute that a sexually oriented offense is involved in this case. The issue is defendant's likelihood of committing a sexually oriented offense in the future. Under former R.C. 2950.09(C)(2)(b), a court in making that assessment "shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section." See State v. DeGroat (Sept. 6, 2001), Franklin App. No. 00AP-1485, unreported (noting the court need not find all the factors applicable and may weigh the factors as it chooses).
According to the transcript of the guilty plea, the victim's mother left her daughter in the care of Georgia Kirby, who resided with her and the six-year-old victim. Mrs. Kirby told the victim to go upstairs and clean her room. The victim did so and, when she was finished, lay down on the bed to watch television. At that time, defendant entered her room, removed her clothing, and engaged in vaginal intercourse with her. The victim struggled, but was unable to free herself from defendant. Shortly thereafter, the victim's mother arrived home. She observed defendant and the victim coming downstairs. Defendant was not wearing a shirt, and his trousers were unzipped. The victim informed her mother what had occurred, and the victim was transported to Doctors North Hospital for examination.
The examination did not reveal the presence of semen, abrasions, ecchymosis, or obvious trauma to the child. Noting those facts, defendant asserted he fondled the victim but did not penetrate her. He contended he was attempting to educate her about sex and had no personal sexual intentions. According to defendant, the victim told him she was being molested by her mother's friends.
Under the factors set forth in R.C. 2950.09(B)(2), we note that defendant was born in 1949. Being forty-six on the date of the offense, he was aware of the societal ban on his conduct. R.C. 2950.09(B)(2)(a). Defendant also has a history of sexually related offenses, including (1) a false alarm in 1980, where defendant reported to police he had raped a woman, (2) domestic violence in 1982, where defendant hit, beat, kicked, cut, and burned his live-in girlfriend, (3) gross sexual imposition in 1986, where defendant vaginally raped and inserted his finger in the nine-year-old victim's vagina, and (4) the current charge of rape of a six-year-old victim. R.C. 2950.09(B)(2)(b).
Of particular significance are the ages of defendant's victims. R.C.2950.09(B)(2)(c). The sexual abuse of young children "is widely viewed as one of the most, if not the most, reprehensible crimes in our society." State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. "Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." Id. Moreover, a defendant who violates "deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children" provides evidence in the act itself that the offender's "compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to re-offend." State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12, unreported, quoting State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported; State v. Carter (Aug. 9, 2001), Franklin App. No. 00AP-1365, unreported.
While defendant's age and criminal history, coupled with the facts of the 1996 rape, are sufficient to allow the trial court to conclude by clear and convincing evidence that defendant is a sexual predator, the record also contains the Sex Offender Assessment which concludes by stating:
 * * * He is considered to be a regressed child molester who involves himself with children in a maladaptive attempt to deal with life stresses. Because he is admitting to the crime, serving more than three years, and considered to be at high risk for re-offending (risk score =26), it is recommended that he receive sex offender educational programming, day treatment, and aftercare. The focus of his treatment should involve developing better stress management and social skills. Furthermore, upon entering pre-release, he should develop a relapse prevention plan to help him curtail his sexual offending behaviors. This plan should entail identifying the potential triggers of his sexual offending. For the inmate, these triggers would involve being alone with pre-pubescent children, especially when experiencing stress or depression. At this time, he is not interested in participating in a sex offender treatment program. In addition, Jackson would benefit from receiving alcohol abuse treatment.
As of the date of the assessment in July 1997, defendant did "not consider himself to be a sex offender and he [was] not interested in participating in sex offender treatment." (Sexual Offender Assessment, 2.) Despite defendant's assessed high risk, defendant did not agree to participate in the program until recently. Although defendant now has participated in a portion of the Monticello Program to address the very issue before the court, he has not completed the program due to the expiration of his sentence. His participation to this point does not negate the other sufficient evidence supporting the trial court's finding defendant to be a sexual predator. State v. Golden (July 17, 2001), Franklin App. No. 00AP-1247, unreported.
Because the record contains sufficient clear and convincing evidence to support the trial court's finding defendant to be a sexual predator under R.C. 2950.09(B)(2), we overrule defendant's single assignment of error, and affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and DESHLER, JJ., concur.